N THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALLIN FRAWLEY**, on behalf of himself and all other similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-2197-L** |
| **NEXSTAR MEDIA GROUP, INC.**, | § § § | |
| Defendant. | § § | |

## **ORDER**

On July 29, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 27) was entered, recommending that the court deny Defendant's Motion to Dismiss (Doc. 15) Plaintiff's claim for alleged violations of the Video Privacy Protection Act ("VPPA"). In reaching this determination, the magistrate judge determined that: (1) Plaintiff's VPPA claim is plausible as pleaded in light of applicable law and existing case authority; and (2) Defendant's arguments are better suited for summary judgment or trial. Defendant Nexstar Media Group, Inc. ("Defendant") filed objections on August 12, 2024 (Doc. 30). Defendant also filed a Motion for Oral Argument (Doc. 31). For the reasons that follow, the court **accepts** the Report (Doc. 27), **overrules** Defendant's objections (Doc. 30) to the Report, **denies** Defendant's Motion to Dismiss (15), and **denies** Defendant's Motion for Oral Argument (Doc. 31).

Regarding its request for a hearing, Defendant asserts that oral argument would be helpful to the court, and the issues in its objections "are well-suited to oral explanation and discussion as opposed to only written argument because "it may be helpful to the [c]ourt for the parties to present oral argument on whether Plaintiff has sufficiently alleged that he is a "subscriber"—and thus a

Order – Page 1

"consumer"—under the Video Protection Privacy Act, 18 U.S.C. § 2710(b)(1) in light of recent decisions addressing similar allegations." Def.'s Mot. 1.

It is apparent from the Report and Defendant's objections that the law regarding the VPPA and what is required to allege a valid claim under the VPPA at the pleading stage is not well developed. Regardless, if Defendant believes that "recent decisions" support its objections to the Report, it could have and should have addressed any such authority in its written objections, as long any such legal arguments were presented to the magistrate judge in the first instance. Defendant relies on a large number of cases in its objections that were not cited in its Motion to Dismiss. Most of these cases existed when Defendant filed its Motion to Dismiss and, thus, could have been addressed in it briefing on the Motion to Dismiss. In any event, the court determines that oral argument is not necessary. In the court's experience, argument regarding case authority is better suited for briefing, and oral argument regarding case authority is not particularly helpful if it simply repeats what has been briefed or it is used to argue new case authority not previously cited in the written briefs or objections for the first time in open court. The court, therefore, **denies** Defendant's Motion for Oral Argument.

In response to the Report's recommended denial of the Motion to Dismiss, Defendant urges essentially the same grounds for objecting to the Report that it made in moving to dismiss Plaintiff's VPPA claims. Defendant contends that the magistrate judge erred because: (1) Plaintiff has not plausibly alleged that he is a consumer under the VPPA based on signing up for an electronic newsletter; (2) Plaintiff has not sufficiently alleged that any specific content was disclosed; (3) Plaintiff acknowledges that it did not disclose his identity; (4) Plaintiff has not alleged that it disclosed the "connection between" his identity and any videos he may have viewed; and (5) Plaintiff has not sufficiently alleged that any such disclosure by it was "knowingly." Def.'s

Obj. 5-17.  The court has carefully reviewed the detailed findings and conclusions of the magistrate to which Defendant has objected, and it finds no error.

Having considered Defendant's Motion to Dismiss, the parties' briefs, the pleadings, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **overrules** Defendant's objections (Doc. 30) to the Report, **denies** Defendant's Motion to Dismiss (Doc. 15), and **denies** Defendant's Motion for Oral Argument (Doc. 31).  Further, having denied the Motion to Dismiss, Plaintiff's request to amend is **denied as moot**.

**It is so ordered** this 13th day of August, 2024.

_____
Sam A. Lindsay
United States District Judge

Order – Page 3